# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Marianne J. Blessing,**
**Respondent Below, Petitioner**

**vs) No. 16-1053** (Berkeley 15-D-992)

**Aaron M. Blessing,**
**Petitioner Below, Respondent**

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Marianne J. Blessing, by counsel Debbie Flowers Payne, appeals the Circuit Court of Berkeley County's October 14, 2016, order denying her petition for appeal from an order of the Family Court of Berkeley County. Respondent Aaron M. Blessing, by counsel Cynthia A. Gaither, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in affirming the family court's ruling regarding equitable distribution in its final divorce order and affirming the underlying factual findings in the family court's final divorce order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2009, the parties married in Berkeley County, West Virginia. No children were born of the marriage. During the marriage, the parties purchased a marital home on Martin Street, Martinsburg, West Virginia. To aid in the parties' purchase of the property, respondent husband's mother gave the couple $10,000 towards the purchase of the home. Petitioner deposited the money in the parties' joint bank account. In May of 2010, petitioner's mother died and petitioner used part of her inheritance to pay the balance of the outstanding marital home loan. The parties made substantial improvements to the home, which was paid for by funds that were deposited in the parties' joint bank account. In addition to the home improvements, the property insurance, taxes, and maintenance on the property were paid from funds deposited in the parties' joint bank account until the parties separated in October of 2015. In March of 2016, the Martin Street property appraised for $159,000.

Additionally, in May of 2013, the parties purchased an investment property on Ray Street, in Shepherdstown, West Virginia. The purchase price was paid from petitioner's inheritance and titled jointly in the parties' names. The parties made substantial improvements to the Ray Street property and used it as a rental property. In turn, they used the rental income

1

collected from the Ray Street property for marital expenses. In March of 2016, the Ray Street property appraised for $86,000.

In 2015, respondent filed a petition for divorce with an accompanying financial statement in the family court. In the petition, respondent alleged, inter alia, that he was a bona fide resident of the State of West Virginia, residing in Berkeley County; that petitioner was a resident of the State of West Virginia; that the parties last cohabitated together in 2015 in the State of West Virginia; that the parties had lived separate and apart since 2015; and that the parties had acquired real and personal property throughout the marriage.

In May of 2016, the family court held the final divorce hearing. Petitioner testified that both the Martin Street and Ray Street properties were her separate properties and that she never intended either property to be a marital asset. In contrast, respondent testified that he performed substantial work on the properties that increased the value of each and that the properties were intended to be part of the marital estate. Based on the testimony of the parties, the family court found that both the Martin Street property and the Ray Street property were marital property and divided the value equally between the parties, which necessitated a payment of $36,631.50 from petitioner to respondent to equalize equitable distribution. The family court entered its final order granting respondent's petition for divorce on July 1, 2016. Thereafter, petitioner timely filed a petition for appeal in the Circuit Court of Berkeley County alleging that the family court erred in finding that the Martin Street and Ray Street properties were marital property and that she should have been granted an "unequal distribution."

By order entered on October 14, 2016, the circuit court denied petitioner's petition for appeal. With regard to the Martin Street property, the circuit court found that the down payment, all closing costs, and several mortgage payments on it were paid for from marital funds. The circuit court also found that petitioner used the money she received from her mother's death to pay the balance due on that home. The circuit court further found that the parties used approximately $70,000 in marital funds, along with respondent's "sweat equity" to make substantial improvements on the property. Regarding the Ray Street property, the circuit court found that while petitioner purchased the property using her separate funds, respondent invested considerable "sweat equity" by repairing the home for rental use and was responsible for the rental of the property. The circuit court also found that the Ray Street property was purchased during the parties' marriage and that petitioner failed to rebut the presumption of a gift to the marital estate of her separate funds with respect to both properties. The circuit court did not address petitioner's argument that the family court should have granted her an unequal distribution because she did not raise that issue below. This appeal followed.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

2

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the circuit court erred in affirming the underlying factual findings from the family court's final divorce order and that it "formed an independent [opinion] regarding the testimony of the parties." Petitioner further argues that the family court's final divorce order is "absent of any indication regarding the [f]amily [c]ourt's determination of whether [respondent] was more credible than [petitioner]." Notwithstanding petitioner's argument to the contrary, the family court determined that, based on the testimony of the parties, petitioner comingled her separate monies with marital funds and that the parties used those marital funds and respondent's labor to make substantial improvements on both the Martin Street and Ray Street properties. We note that the family court made these findings following a hearing. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Therefore, we do not disturb the findings supporting the family court's conclusion that the Martin Street and the Ray Street properties were marital in nature and its division of the value equally between the parties. Accordingly, we conclude that the circuit court did not abuse its discretion in affirming the underlying factual findings from the family court's final divorce order.

Petitioner also argues that the circuit court erred in affirming the family court's equitable distribution of the parties' marital assets. Petitioner contends that she "took steps to maintain her inheritance funds used to purchase Martin Street as separate property" and that her separate funds should not have been included in the marital estate. Petitioner also contends that West Virginia Code § 48-7-103(1)(B) provides for the unequal distribution of the marital estate based on the contribution from the parties' separate property.[1] However, petitioner failed to request that the family court grant her an unequal distribution of the parties' marital estate. Instead, petitioner's testimony below was that both the Martin Street and Ray Street properties were her sole and separate property. Both of the lower courts found that petitioner comingled her separate monies with marital funds by depositing her inheritance into the parties' joint bank account. Moreover, the parties used marital funds and respondent's labor to make substantial improvements on the properties, including complete interior remodels, new windows, new roofs, landscaping, and building a new garage at the Martin Street property. Further, petitioner's argument ignores West Virginia Code §§ 48-7-103(2)(D) and (E), which provide for the

---

[1]West Virginia Code § 48-7-103(1)(B) provides that

[i]n the absence of a valid agreement, the court shall presume that all marital property is to be divided equally between the parties, but may alter this distribution, without regard to any attribution of fault to either party which may be alleged or proved in the course of the action, after a consideration of the following: (1) The extent to which each party has contributed to the acquisition, preservation and maintenance, or increase in value of marital property by monetary contributions, including, but not limited to: (B) Funds which are separate property.

contribution of respondent's labor in completely remodeling both properties.[2] Therefore, given the record before us in this matter, we cannot find reversible error in the family court's equitable distribution of the parties' marital estate or the circuit court's order refusing this appeal.

For the foregoing reasons, the circuit court's October 14, 2016, order denying petitioner's appeal is hereby affirmed.

Affirmed.

**ISSUED**:  September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[2]West Virginia Code §§ 48-7-103(2)(D) and (E) provides that

[t]he extent to which each party has contributed to the acquisition, preservation and maintenance or increase in value of marital property by nonmonetary contributions, including, but not limited to . . . (D) Labor performed in the actual maintenance or improvement of tangible marital property; and (E) Labor performed in the management or investment of assets which are marital property.